508

In re NEVILLE ISLAND GLASS CO., Inc.
No. 21680.

District Court, W. D. Pennsylvania.
June 29, 1948.

C. M. Thorp, Jr., of Pittsburgh, Pa., for debtor.

T. F. Ryan, of Pittsburgh, Pa., for trustees.

Walter Blenko, of Pittsburgh, Pa., for Hartford Empire Co.

F. W. Stonecipher, of Pittsburgh, Pa., for unsecured creditors.

W. G. Heiner, of Pittsburgh, Pa., for Marshall Elevator Co.

C. M. Thorp, of Pittsburgh, Pa., for Pittsburgh Coke & Chemical Co.

GIBSON, District Judge.

The Trustees have filed a petition which is substantially a request for instructions. No facts are in dispute.

Patented equipment was installed in the debtor's plant under lease-license agreements with Hartford Empire Company upon which the debtor paid license fees of $161,862.50 and expended additional funds for installation of the equipment, so that the total of $255,948.42 has been expended. The agreement provides for minimum royalties of $15,150 per year payable $1,262.50 monthly.

The debtor, on date of appointment of the Trustees, had an option to purchase the equipment for $291,000. The cost of the same equipment would be approximately $500,000.

The debtor defaulted in payment of production royalties for the months between October, 1947, and February, 1948.

The lease-license agreements provide for the revocation and repossession by Hartford Empire Company in the event of bankruptcy or appointment of a receiver for the debtor.

The Trustees' petition recites a proposition to them by which Hartford Empire Company agreed to extend the time of any procedure by it to repossess the equipment to September 1, 1948 (agreed in hearing to December 1, 1948) if the Trustees would pay immediately the royalties in default from September, 1947, to and including February, 1948, amounting to $21,803.70, and the minimum royalties due monthly since the appointment of the Trustees.

The free cash in the hands of the Trustees is the sum of $34,419.39. Were the proposition of the Hartford Empire Company to be accepted the cash of the debtor would be materially reduced to the apparent injury to the rights of unsecured creditors. On the other hand, if the rights of the Hartford Empire Company were to proceed, and succeed, in a petition to repossess the equipment then a reorganization of the debtor would be impossible and the probability of unsecured creditors would fade into thin air. This was admitted by all who engaged in the hearing upon the Trustees' petition.

The court feels that the payment of the amount of the payments due between September, 1947, and March 1, 1948, should not be approved at this time. The approval would be equivalent to finding that a successful reorganization is possible, and no firm foundation now exists for such a finding.

The minimum payments under the license agreements is an administration expense since March 1, 1948. They should be paid unless and until the Trustees in their sound discretion feels that a reorganization is impossible and so notifies the court.

Until the court has reasonable opportunity to pass upon this phase, and the Trustees have the same opportunity, the equipment cannot be taken from a reorganization court.

### Order.

And now, to wit, the petition of the Trustees having been considered and duly heard, it is ordered and adjudged that said Trustees be and hereby are authorized to pay to the Hartford Empire Company the amount of the minimum due monthly from March 1, 1948, until further orders of the court; and it is further ordered that the offer to said Trustees, as reported in their petition, be rejected except as herein set forth.